IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD SHANE SMITH, Individually and on Behalf of all Similarly Situated Individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:08-cv-284 ) |
| STALEY, INC., | ) ) |
| Defendant. | ) |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before this Court entitled *Edward Shane Smith, Individually and on behalf of all similarly situated individuals v. Staley, Inc.* (the "Litigation");

WHEREAS, on November 24, 2009, the court certified a temporary nationwide settlement class consisting of employees and prospective employees of Staley, Inc. who were, during the time period of July 21, 2006 through October 9, 2008, the subjects of consumer reports which were used by Staley, Inc. to make employment decisions and employees of Staley, Inc. who may have been, during the time period of July 21, 2006 through October 9, 2008, subjected to adverse employment action based on the contents of consumer reports.

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23, for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of November 18, 2009, (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of

103578

the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court appoints Christopher Colt North, The Consumer & Employee Rights Law Firm, P.C. and Craig C. Marchiando, Michael A. Caddell, and Richard D. Daly, Caddell & Chapman, as Lead Counsel for the Temporary Settlement Class.

3. The Court appoints Edward Shane Smith, as Lead Plaintiff for the Temporary Settlement Class.

4. The Court approves, as to form and content, the Notice annexed as Exhibit 4 to the Stipulation, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. A hearing (the "Settlement Hearing") shall be held before this Court on March 8, 2010, at 1:00 p.m., at the United States District Court for the Eastern District of Tennessee, Howard H. Baker, Jr. U.S. Courthouse, 800 Market Street, Knoxville, Tennessee, 37902, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be

approved by the Court; and whether a Judgment as provided in ¶ 5 of the Stipulation should be entered herein.

6. Not later than the seventh day after entry of this Order (the "Notice Date"), Staley, Inc. shall cause a copy of the Notice, substantially in the form annexed as Exhibit 4 to the Stipulation, to be mailed by first class mail, postage prepaid, to members of the Temporary Settlement Class. Such Notice shall be mailed to the last known address available for each member of the Temporary Settlement Class available in Staley, Inc.'s files.

7. At least 60 calendar days prior to the Settlement Hearing, Staley, Inc. shall serve on Lead Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. All Members of the Temporary Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Temporary Settlement Class members who do not wish to participate in the settlement shall state in writing that they want to be excluded from the *Edward Shane Smith, Individually and on behalf of all similarly situated individuals v. Staley, Inc.*, Civil Action No. 3:08-cv-284 Settlement ("request for exclusion"). This request for exclusion must include the Temporary Settlement Class member's name, address, social security or taxpayer identification number, telephone number, fax number (if any), and the member's signature. All requests for exclusion must be postmarked on or before February 1, 2010. Requests for exclusion shall be sent to the following address:

Christopher Colt North, Esquire
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, VA 23606

All Temporary Settlement Class members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the Settlement, and shall not be bound by the Stipulation or the Final Judgment.

10. Any member of the Temporary Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice. Any member of the Temporary Settlement Class who does not so enter an appearance on their own behalf or through counsel of their own choice will be represented by Lead Counsel.

11. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Temporary Class Settlement Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Any member of the Temporary Settlement Class who has not properly requested exclusion from the Class (as provided for in paragraph 9 above) may object to the settlement, attorney's fees or award for the Class Representative. If a member of the Temporary Settlement Class decides to object to the settlement, the member should give the reasons why he/she thinks the Court should not approve it. To object, a Temporary Settlement Class member must do so in writing. Within the objection, a Temporary Settlement Class member must also include the name and number of this case, *Edward Shane Smith v. Staley, Inc.*, Civil Action No. 3:08cv284, and include the member's name, address, telephone number, signature, the reasons why the member objects to the settlement, and any documentation supporting the member's objection. The member does not have to hire a lawyer in order to object, but the member may do so at his/her own expense if he/she chooses. The objection must be sent to <u>all</u> of the below addresses postmarked no later than February 8, 2010:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Eastern District of Tennessee at Knoxville | Christopher Colt North, Esq.<br>751-A Thimble Shoals Blvd.<br>Newport News, VA 23606 | Allen Dobson Esq.<br>Cross, Gunter, Witherspoon & Galchus, PC<br>500 President Clinton Avenue, Suite 200<br>Little Rock, Arkansas 72201 |

13. At or after the Settlement Hearing, the Court shall determine whether the Settlement proposed, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

14. Reasonable expenses incurred identifying and notifying Class Members as well as administering the Settlement Fund, and Taxes owed on the Settlement Fund, shall be incurred and paid as permitted under the terms of the Stipulation without the need for further order of the Court.

15. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

16. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this 24th day of November, 2009.

                                                          _/s/ Leon Jordan_
                                                          R. LEON JORDAN
                                                          Senior United States District Judge