UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EDWARD SHANE SMITH,
Individually and on Behalf of
all Similarly Situated Individuals,

      Plaintiff,

CIVIL ACTION NO. 3:08-CV-284

v.

STALEY, INC.,

      Defendant.

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE AND APPROVING ATTORNEY'S FEES

Plaintiff Edward Shane Smith and Defendant Staley, Inc. ("the Parties") have reached a Proposed Settlement resolving all claims in this lawsuit ("the Litigation"). The Parties have asked the Court for final approval of the Proposed Settlement, as set forth in the Settlement Agreement and Release ("the Settlement Agreement"), pursuant to Federal Rule of Civil Procedure 23(e); and

The Defendant does not oppose entry of this order; and

The Court having appointed Christopher Colt North and The Consumer & Employee Rights Law Firm, P.C. as class counsel by Order entered November 24, 2009; and

The Court having appointed Plaintiff as representative of the Class by Order entered November 24, 2009; and

The Parties having agreed that, as a condition of settlement, Plaintiff and the Class shall release Defendant from certain claims as specified in the Settlement Agreement; and

The Court having previously reviewed and considered the Settlement Agreement and proposed Notices to the Class; and

The Court having preliminarily approved the proposed Settlement on November 24, 2009; and

The Parties have evidenced full compliance with the Court's Order granting preliminary approval of the proposed Settlement; and

The Court having found that there is substantial and sufficient grounds for entering this Final Judgment;

IT IS HEREBY ORDERED THAT:

1. This Final Judgment incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over all Parties and the members of the Class for purposes of this litigation.

3. Pursuant to the Court's November 24, 2009 Order and the Settlement Agreement, the Class is defined as follows:

> Employees and prospective employees of Staley, Inc. who were, during the time period July 21, 2006 through October 19, 2008, the subjects of consumer reports which were used by Staley, Inc. to make employment decisions and prospective employees and employees of Staley, Inc. who may have been, during the same time period, subjected to adverse employment action based on the contents of consumer reports.

4. The Court finds that Defendant Staley, Inc. (or Released Defendant) has met all requirements the Court set forth in its Order granting Preliminary Approval of the Settlement,

2

including dissemination of the Class Notices and verifying addresses of the Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies F.R.C.P. 23 and the Due Process Clause of the United States Constitution, and is the most practicable means, under the circumstances, of notifying the Class Members of the existence of the Settlement, its terms, and the consequences of accepting its terms.

5. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, by timely serving a notice in compliance with CAFA on all appropriate federal and state officials.

6. The Court finds that nobody has timely requested exclusion from the settlement. Therefore, the Court hereby dismisses with prejudice the Litigation against the Defendant.

7. The Court concludes that the Settlement is fair, reasonable, and adequate as to each Class Member. The Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. There have been no objections to the Settlement.

9. Upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the Proposed Settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those who claim through them or who assert Claims on their behalf (including the government in its capacity as parens patriae) completely and forever releases and discharges the Released Defendant from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution,

attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from violation of 15 U.S.C. § 1681b, as alleged in the Amended Class Complaint or that might have been alleged in the Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction. The Parties hereby acknowledge that the Released Defendants are expressly intended beneficiaries of this Release, regardless of whether they were named Defendants and regardless of whether they paid any part of the payments set forth herein.

10. The Court finds that there are no class members who reside in California, and thus § 1542 of the California Civil Code regarding general releases is inapplicable.

11. Also upon the Effective Date, Named Plaintiff and each member of the Class shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as a class member or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from violations of Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, as alleged in the Amended Class Complaint.

12. The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Order Granting Preliminary Approval, constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

13. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over:

A.  Implementation of this Settlement and any award or distribution of the Section 1681b proceeds;

B.  Disposition of the residual amount of proceeds in the event of uncashed checks to the agreed upon *cy pres* recipient;

C.  The Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Judgment, including disbursement of Court-approved attorney's fees, expenses, and the Class Representative Incentive Award;

14. The Court finds that the Named Plaintiff provided valuable participation in this Litigation, and has duly earned the proposed Incentive Award of $2,000.00 over and above the payment to him pursuant to the Class Settlement in the amount of $1,075.00.

15. The Court further finds that Class Counsel's requested award of attorney's fees in the amount of $40,000.00 and expenses in the amount of $1,344.85 is fair and reasonable. The Settlement is a satisfactory result obtained through long negotiations conducted at arm's length and significant discovery.

16. Neither this Order nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of this Order or the Settlement Agreement, (a) is, may be deemed to be, or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of Defendant or Released Defendants; or (b) is, may be deemed to be, or may be used as an admission or, or evidence of, any fault or omission of Defendant or Released Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. Any Released Defendant may file this Order in any other action that may

5

be brought against them in order to support a defense or counterclaim based on principle or res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

17. Should the Settlement not become effective in accordance with its terms, this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

IT IS SO ORDERED.

DATE: 3-9-10

_____
JUDGE

6

Case 3:08-cv-00284   Document 51   Filed 03/09/10   Page 6 of 6   PageID #: 230